ORIGINAL

E-filing

| | |
|---|---|
| 1 | Matthew Franklin Jaksa (CA State Bar No. 248072) |
| | HOLME ROBERTS & OWEN LLP |
| 2 | 560 Mission Street, 25th Floor |
| 3 | San Francisco, CA 94105-2994 |
| | Telephone: (415) 268-2000 |
| 4 | Facsimile: (415) 268-1999 |
| | Email: matt.jaksa@hro.com |
| 5 | |
| 6 | Attorneys for Plaintiffs, |
| | ELEKTRA ENTERTAINMENT GROUP INC.; BMG |
| 7 | MUSIC; CAPITOL RECORDS, INC.; MOTOWN |
| | RECORD COMPANY, L.P.; SONY BMG MUSIC |
| 8 | ENTERTAINMENT; INTERSCOPE RECORDS; and |
| 9 | WARNER BROS. RECORDS INC. |

FILED
2007 SEP 20 PM 3: 46

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



| | | |
|---|---|---|
| 13 | ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; BMG MUSIC, a New York general partnership; CAPITOL RECORDS, INC., a Delaware corporation; MOTOWN RECORD COMPANY, L.P., a California limited partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; INTERSCOPE RECORDS, a California general partnership; and WARNER BROS. RECORDS INC., a Delaware corporation, | CASE NO. C07-04863 |
| | | **EX PARTE APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY** |
| | Plaintiffs, | |
| | v. | |
| | JOHN DOE, | |
| | Defendant. | |

1

Ex Parte Application for Leave to Take Immediate Discovery
Case No.
#32639 v1

1      Plaintiffs, through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 45, the Declaration of Carlos Linares, and the authorities cited in the supporting Memorandum of Law, hereby apply *ex parte* for an Order permitting Plaintiffs to take immediate discovery.

    In support thereof, Plaintiffs represent as follows:

1. Plaintiffs, record companies who own the copyrights in the most popular sound recordings in the United States, seek leave of the Court to serve limited, immediate discovery on a third party Internet Service Provider ("ISP") to determine the true identity of Defendant John Doe ("Defendant"), who is being sued for direct copyright infringement.

2. As alleged in the complaint, Defendant, without authorization, used an online media distribution system to download Plaintiffs' copyrighted works and/or distribute copyrighted works to the public. Although Plaintiffs do not know the true name of Defendant, Plaintiffs have identified Defendant by a unique Internet Protocol ("IP") address assigned to Defendant on the date and time of Defendant's infringing activity.

3. Plaintiffs intend to serve a Rule 45 subpoena on the ISP seeking documents that identify Defendant's true name, current (and permanent) address and telephone number, e-mail address, and Media Access Control ("MAC") address. Without this information, Plaintiffs cannot identify Defendant or pursue their lawsuit to protect their copyrighted works from repeated infringement.

4. Good cause exists to allow Plaintiffs to conduct this limited discovery in advance of a Rule 26(f) conference where there are no known defendants with whom to confer.

    WHEREFORE, Plaintiffs apply *ex parte* for an Order permitting Plaintiffs to conduct the foregoing requested discovery immediately.

Dated: September 20, 2007

HOLME ROBERTS & OWEN LLP

By: _____
MATTHEW FRANKLIN JAKSA
Attorney for Plaintiffs
ELEKTRA ENTERTAINMENT GROUP INC.;
BMG MUSIC; CAPITOL RECORDS, INC.;
MOTOWN RECORD COMPANY, L.P.; SONY
BMG MUSIC ENTERTAINMENT; INTERSCOPE
RECORDS; and WARNER BROS. RECORDS INC.